UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-CV-20424-CMA

NAUN ALEXANDER ACOSTA CARDONA
and all others similarly situated under 29
U.S.C. 216(b),

    Plaintiff,

vs.

PAINTING FIRM LLC,
CHARLES R. ANSAROFF,
JENNIFER L. ANSAROFF

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendants, by and through undersigned counsel, and files their Answer and Affirmative Defenses, and in support hereof states:

1. Defendant admits the allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, and 12.

2. Defendant denies the allegations contained in Paragraphs 7, 13, 14, and 15, and demands strict proof thereof at trial.

## AFFIRMATIVE DEFENSES

1. Workers were responsible for their own timesheets.

2. Plaintiffs fail to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the

FLSA.  Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

3. Plaintiffs have no met all of the requirements to bring a collective action under the FLSA.

4. This action is barred or limited by 29 C.F.R. § 785.47, *the de minimis* doctrine.

5. Plaintiffs are not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act.

6. Plaintiffs are not entitled to compensation for any time spent walking, riding or travelling to and from the actual place of performance of their duties which occurred either prior to the commencement or subsequent to the termination of any particular workday.

7. Any hours worked beyond Plaintiffs' compensated workweek were unauthorized and performed without Defendants' actual or constructive knowledge.

8. Any claim for overtime compensation must be off-set by any premium compensation, overpayments, bonuses, partial overtime payments, loans, compensatory time off, or other job-related benefits paid or provided to Plaintiffs, including a reduction for any compensation already paid to Plaintiffs for periods not compensable under the FLSA.

9. Plaintiff was exempt from overtime requirements because he was a supervisor of over five employees, was compensated on a salary basis, managed the company, and had the authority to hire and fire other employees.

10. Plaintiffs are not entitled to compensation for any break and/or meal periods which were at least thirty (30) minutes in duration and during which they were relieved of their duties.

11. Defendants are entitled to a set-off from loans given to Plaintiff that were not paid back.

/s/ Michael D. Stewart_____
Michael D. Stewart, Esq.
FL Bar No.: 12457
ms@themiamilaw.com
150 NE 2nd Ave, Suite 1000
Miami, FL  33131
Telephone: (305) 590-8909

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 27th day of February 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel/parties of record either via transmission of Notices of Electronic Filing generated by CM/ECF.

 /s/ Michael D. Stewart_____
Michael D. Stewart, Esq.
FL Bar No.: 12457
ms@themiamilaw.com
150 NE 2nd Ave, Suite 1000
Miami, FL  33131
Telephone: (305) 590-8909